OSGOOD DREDGE CO. v. METROPOLITAN DREDGING CO.

(Circuit Court, D. Massachusetts. July 12, 1895.)

No. 267.

1. PATENTABLE INVENTION—COMBINATIONS.
    While there may be a patentable combination in which different parts perform different and separate functions, this is only the case where a new result is attained, or an old result is produced in a new way, in consequence of the combination.

2. SAME—DREDGERS AND EXCAVATORS.
    The Osgood patent, No. 257,888, for a dredger and excavator adaptable for use either as a scoop or a "clam-shell bucket," held void as to claims 1 and 2, as being for a mere aggregation, and not a true combination.

This was a bill by the Osgood Dredge Company against the Metropolitan Dredging Company for infringement of a patent.

Paul H. Bate, for complainant.
Rodney Lund, for respondent.

CARPENTER, District Judge. This is a bill to enjoin an alleged infringement of the first and third claims of letters patent No. 257,888, issued May 16, 1882, to Ralph R. Osgood, for dredger and excavator, which claims are as follows:

(1) In a dredging machine or excavator, the combination, with the swinging boom or crane carrying the shovel-handle guide, of the pole guides for the clam-shell dipper poles mounted upon said boom or crane, and adapted to operate substantially in the manner and for the purposes set forth. (2) The herein-described convertible excavator, the same being composed essentially of the boom or crane carrying the movable dipper, handle guide, and fittings, and the clam-shell pole guides mounted upon said boom or crane, the whole being adapted for use substantially in the manner and for the purposes set forth.

The infringement is not seriously contested, and seems plain. The invention is thus shortly described by the complainant:

Prior to the invention of Osgood, dredgers or dredging machines were of two general classes only,—those which were capable of using a scoop bucket only, and those which were capable of using a clam-shell bucket only; the two forms of buckets being designed for the digging of hard and soft material, respectively. Osgood's invention consisted in taking either one of these old forms of single machines, and adapting it to use either a scoop or a clam-shell bucket; thus making a convertible dredger of it, or one having a dual capacity.

This result was accomplished in the following manner: The boom or crane in the two forms of machine formerly in use differed essentially only in that each contained means by which only one of the two forms of bucket could be attached thereto; and the patentee conceived and carried out the idea of attaching to one and the same boom both supporting and guiding devices, so that one machine could thus perform, successively and alternately, the functions which had been theretofore separately performed by two machines. This, I am forced to conclude, is simply an aggregation, and not a combination, and does not involve invention. It is true, indeed, as urged by the complainant, that there may be a true combination in which different parts perform different and separate functions. I shall not discuss the cases which establish this rule, further than to say that they all require a new result, or an old result in a new way, as a consequence of the combination. In this invention no new result is accomplished, no new method of operation is perceived, and the parts do not co-operate by contributing to a common end. The function and operation of the machine when either bucket is attached is exactly the same as it would be if the means for attaching the other bucket were not present. In short, here is no new mechanism, no new method of operation, and no new result. The bill must be dismissed, with costs of the respondent.